IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAZER SPOT, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Sean Tucker, by and through his attorneys, The Miller Firm, P.C. and for his Complaint against Defendant, Lazer Spot, Inc., states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. The lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for Defendant's failure to pay Plaintiff overtime wages at a rate of one and one half times his regular rate for all hours over 40 in an individual workweek and for retaliating against Plaintiff by suspending and terminating him for complaining to Defendant about Defendant's failure to pay overtime.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

## THE PARTIES

4. Plaintiff Sean Tucker resides and is domiciled in this judicial district.

5. Plaintiff Sean Tucker is a former employee of Defendant. He performed non-exempt work for the Defendant.

6. Defendant Lazer Spot, Inc. is a Georgia corporation doing business within this judicial district. Defendant Lazer Spot, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Lazer Spot, Inc. was Mr. Tucker's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3., the IWPCA, 820 ILCS 115/2.

## FACTUAL ALLEGATIONS

8. Defendant is a yard management company that provides services to other businesses, including Power Packaging, which at all times pertinent hereto was located at 2089 Pillsbury Drive in Geneva, Illinois.

9. Plaintiff worked as a yard spotter for the Defendant from on or about August 18, 2020 at the premises of Power Packaging. His responsibility was moving trailers around in the yard at Power Packaging so that they could be picked up and driven off-site by other drivers.

10. Plaintiff consistently worked over 40 hours per week while employed by the Defendant but was never paid overtime wages at a rate of one and one half times his regular rate.

11. On or about October 26, 2020 and October 28, 2020, Plaintiff contacted the Defendant and Defendant's Human Resources department to inquire why he was not getting paid one and one half times his regular rate for working more than 40 hours per week.

12. On or about November 4, 2020, Defendant suspended Plaintiff after Plaintiff questioned Defendant's Human Resources department about his failure to be paid overtime for working more than 40 hours per week, and Plaintiff was advised for the first time that he had been classified as an over the road driver, although Plaintiff had not ever performed those tasks for Defendant and had not received the requisite training from Defendant in order to be qualified to do so.

13. On or about November 4, 2020, Plaintiff notified Defendant's Human Resources department that he had filed an action with the Illinois Department of Labor for failing to pay fair wages and Defendant never called Plaintiff back to work after imposing the suspension.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

14. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

15. Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

16. Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. During the course of his employment by the Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

18. Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week.

19. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

20. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

21. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing the action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Retaliation

Plaintiff hereby realleges and incorporate paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22. Defendant's suspension/termination of Plaintiff after he complained about Defendant's failure to pay overtime wages for time worked in excess of 40 hours per week was a retaliation in violation of Section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Liquidated damages in an amount equal to the amount of lost wages found

4

due plus an equal amount;

B. Out of pocket costs incurred in seeking subsequent employment;

C. Reasonable attorneys' fees and costs incurred in filing the action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22. The Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

23. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

24. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

25. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

26. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

27. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

28. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

29. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff' regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing the action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 13, 2021      **SEAN TUCKER**

By: _/ Richard J. Miller_
One of Plaintiff's Attorneys

Richard Miller
MILLER LAW FIRM, P.C.
1051 Perimeter Drive, Ste 400
Schaumburg, IL 60173
847.995.1205 Telephone
847-995-1203 Facsimile
ARDC No. 6294472
richard.miller@millerlawfirm.org